Good morning, Your Honors. Thomas Roach, appearing for the appellant, Carmen Pyle. Your Honor, this is a Social Security case, disability, and this one revolves around the opinion of a medical expert, a doctor that Social Security called to testify at the hearing. The ALJ called Dr. Sidney Bolter as an expert witness. He's a board-certified psychiatrist. And Dr. Bolter had the opportunity to hear Ms. Pyle testify, had the opportunity to ask Ms. Pyle questions, and in particular, he had the opportunity to ask her questions about her medications. Then when the administrative law judge asked Dr. Bolter his opinion regarding her impairments, Dr. Bolter said, among other things, that she was limited to simple work and that he had serious concerns about her ability to sustain even simple work, that he thought that she would miss about a day a week. Now, the administrative law judge questioned Dr. Bolter about that, and he said it was because of the combination of her mental impairments and the medications that she was taking. Dr. Bolter was specific in that he responded to the judge's questions that Ms. Pyle had admitted that she doesn't always take her pain medications, that she only takes them when she needs them. Notwithstanding that, Dr. Bolter still testified that the combination of the medications, in particular the antidepressants, would cause her difficulty concentrating to the extent that he found that she would not be able to sustain work on a regular basis. When the administrative law judge presented a question to the vocational witness, if she wasn't able to sustain work, as Dr. Bolter testified, would she be able to do any work, and the vocational witness testified that no, she would not. The administrative law judge then went on to find that Ms. Pyle was not disabled, that she was able to sustain simple work, and he rejected Dr. Bolter's opinion with one reason, and one reason alone. His reason was that the record did not establish that Ms. Pyle could not sustain work because she made no attempt to work after she said her disability began. Your Honor, that begs the question. If that's the reason that he's giving for rejecting Dr. Bolter's opinion, that reason could apply to any disability claimant in any limitation, because it doesn't make sense that they would be working after their disability began. But in addition to that, it's factually incorrect. Ms. Pyle held down two jobs. She was a schoolteacher, and she was also a church organist. And although she stopped working as a schoolteacher, she tried to continue to work as a church organist. But that didn't work out. She found that even working one day a week as a church organist, she couldn't sustain the work. And so Dr. Bolter's opinion was, in fact, backed up with fact. And the ALJ cited no other reasons for rejecting Dr. Bolter's opinion other than the fact that he said that Ms. Pyle didn't work after she stopped working as a schoolteacher. So in addition to being ---- Well, did the ALJ supply specific reasons for rejecting Dr. Adrian's opinion? No, he didn't, Your Honor. As a matter of fact, he didn't even name Dr. Adrian specifically when he rejected her treating doctors' opinions. And he didn't specify what opinion he was talking about. So he effectively did the same thing with both. He didn't give a clear reason. And with Dr. Adrian, he didn't give a specific and legitimate reason. And with Dr. Adrian, he said he rejected it for the reasons stated above, without even naming Dr. Adrian, but there were no reasons stated above either. So consequently, it's a situation where he's rejecting things, not giving specific reasons for rejecting them, and then not giving ---- not identifying what it is that he's rejecting. So ---- All right. All right. I'd like to reserve the rest of my time for rebuttal. Okay. Thank you. May it please the Court, my name is Deborah Stachel, and I'm here this morning representing Michael Astre, the Commissioner of Social Security. As two judges have already found, the ALJ's decision is supported by substantial evidence in the record. Claimant's argument before this Court fails for two reasons.  First, the claimant would have the Court focus on two decisions, two opinions of medical doctors, to the exclusion of all the rest of the evidence in the record, which include the opinions of three examining physicians who were specialists in their fields, and which were consistent with each other. And there was minimal treatment evidence in this record also. In addition, the claimant has not challenged the ALJ's credibility findings, and so they stand before this Court unrebutted. And this is very significant here because of the nature of the medical impairments at issue, which were all dependent on self-reports. These were namely the frequency of migraine headaches, which then goes to the frequency of use of pain medication, as well as the effect of pain from the fibromyalgia and any residual mental impairments. Who else is going to report that? Exactly, Your Honor. It is dependent on the claimant, and here the ALJ found the claimant lacking in credibility. And the claimant has never challenged that finding, not before the district court and not before this Court. What reasons did he give for finding her incredible? First of all, there was an inconsistency in the record between her treating physician, treating psychiatrist notes, which showed that she had had a cocaine problem in the past, and she denied use of past cocaine before the consulting psychiatrist, Dr. Glassman, and again before the ALJ. And she also testified that she went to Al-Anon support group meetings not because of her own drug use, but because of her ex-husband's past drug use when she had been divorced for some years previously before even filing the disability application. In addition, the ALJ found that there was a lack of treatment records to support the severity of the pain as alleged, and the use of pain medication, which she testified was she did not use daily, indicated that her pain was not as severe as alleged. In addition, at the hearing, for the first time she testified that she had migraine headaches two times a week, where she had previously told the neurologist she was referred to by her own doctor, that's Dr. Stein, a neurologist, that she had headaches only twice a month. The notes from her treating psychiatrist, Dr. Fedekova, indicate just very sporadic migraine headaches. For example, there's a treatment note from September of 2002, which said that she had a migraine a couple of weeks ago. That doesn't indicate the kind of consistent, recurrent headaches to which she testified before the ALJ. In addition, the ALJ also found that there was no significant, she didn't report any significant side effects from any medication, even when given the opportunity to testify about that at the hearing. The notes from her treating psychiatrist show that she had a jaw tightening with one medication called Effexor. At the hearing, she testified that one medication would stop because of tingling in her feet, but she didn't testify to any effect from the medication that would interfere with the ability to work, which was exactly the issue that the medical expert was concerned about, what would be the residual effects here. What did her doctor say? She had an opinion from one treating doctor, Dr. Adrian, who issued his opinion on a very brief check-the-box form, and he did not answer a number of the questions on the form, and the ALJ and the decision specifically pointed to the inconsistencies in Dr. Adrian's opinion. For example, Dr. Adrian found that she had no physical impairments, but yet put limitations on walking, sitting, standing and bending, and he found that she had mental impairments, but had no limitations in cognitive functioning or mental capacity. So there was an inherent inconsistency in that decision, which the ALJ expressly referred to in the discussion of Dr. Adrian's. In addition, Dr. Adrian's... Excuse me, did the ALJ specify those reasons for rejecting Dr. Adrian's testimony? The ALJ laid out all those issues in his discussion of Dr. Adrian's report, and that's in the excerpts of record, Your Honor, at page 6, page 15 of the transcript. It's true that the ALJ's decision did not specifically go back to the discussion of the medical evidence in the portion of the opinion where he explained why he gave more weight to the consultative examining opinions, but this Court has held that as a reviewing court, if they draw inferences... Supposed to do that, isn't it? Arguably, the decision could have been written differently, but I think that looking at the record evidence as a whole and in the ALJ's decision as a whole, it's clear what the basis for the ALJ's decision was, and that's the critical factor. Why should we have to go through all of that? Why do we have to comb the record and seek to justify what the ALJ did? Certainly, Your Honor, if... All it has to do is just lay it out. And I believe it is laid out here, Your Honor, in the very detailed discussion. Not in the opinion, though. We read the opinion, and our cases say, where an ALJ rejects the opinion of the treating physician in favor of conflicting opinion, she must provide specific reasons supported by substantial evidence in the record for doing so. Those specific reasons are not in the decision here. Is that correct? No, Your Honor, I don't agree with that. Here, the ALJ did give specific reasons for, which was the cumulative weight of all of the consultative examining opinions, all of whom were specialists in their field. And Dr. Adrian was an internist. And the ALJ identified inconsistencies in Dr. Adrian's opinion, and recognized that Dr. Adrian's opinion was related to whether the claimant could return to her position as a teacher. That's not in dispute here, Your Honor. Are you answering Judge Nelson's question? I'm certainly trying to, Your Honor. My question deals with what the ALJ is required to put in his opinion. And it did not appear in the opinion. You're giving reasons why he came to his opinion, but those reasons are not reflected in his opinion. Is that correct? On paper, in his opinion. The ALJ did not have a specific sentence saying, I am rejecting Dr. Adrian's opinion because. However, I believe that this Court has previously held that there's no magic words required of the ALJ's decision, and that's in a 1989 decision of Magallanes v. Bowen. And in addition, just the rationale for the ALJ's decision is clear from that decision, as two judges have already found. Granted, we're on appeal from that, but it's not an irrational or implausible conclusion that's not apparent from the face of the ALJ's decision here. Thank you. All right. Thank you. Can I think further? Your Honor, this Court has been clear in Lester, and in most of the other cases, what the ALJ's duty is when it comes to rejecting medical opinions. And when the Court says specific, I think the Court has every reason to believe that the judge, the ALJ, should be specific. And in this case, he clearly wasn't specific. His reasons clearly weren't legitimate. And this is not a judge who is working under time constraints, as the district court judges are. He's not a judge who has to hear many different types of cases, a panoply of cases that this Court has to hear. This is a judge who only hears Social Security disability cases, and he has all the time in the world to reach his decision, and he has a staff full of decision-writing attorneys to help him with it. There's no reason why this ALJ could not have specified all of the reasons contained in counsel's brief. He could have, but he chose not to. They were available to him, and he elected not to use any of those reasons to reject Dr. Boulder's opinion, and not to use any of those reasons to reject Dr. Adrian's opinion. Now, this Court should not have to comb through the record, and this Court should not have to assume that he overlooked those reasons, he forgot those reasons. This Court should assume the rational assumption, and that is, he rejected those reasons for the reasons that he did give. He rejected all of the reasons, he rejected the opinions, or at least did not rely on the opinions of the other three doctors, in lieu of his own opinion that Dr. Boulder was wrong about the effect of medication. Dr. Boulder, who's been an expert for Social Security since 1958. You know, you're sort of repeating yourself, counsel. I'm sorry, Your Honor. Are you trying to talk us out of it? No. I will then just go right to the point, and that is, with Dr. Boulder's opinion that she can't sustain work, and the vocational witness's opinion that if she can't sustain work, she's disabled, then the appropriate remedy in this case is a remand for payment of benefits. There's nothing left to decide. All right. Thank you. Thank you, Your Honor. This matter is submitted. The next matter, Sanfilippo v. Astruz, is submitted. Next matter, Moss v. Comfort Inn, Woodland Hills. That's submitted.
judges: Pregerson, Nelson, Fernandez